274 P.2d 338

The STATE of Arizona, Plaintiff,

v.

Kelo T. WEBB, Defendant.

No. 1052.

Supreme Court of Arizona.

Sept. 27, 1954.

——◆——

Ross F. Jones, Atty. Gen., Earl E. Weeks, Asst. to the Atty. Gen., for the State.

Ed W. Hughes, Phoenix, for defendant.

UDALL, Justice.

Defendant Kelo T. Webb was arrested on the 17th day of November, 1953, and was charged—by a direct information filed in the Superior Court of Maricopa County—with being "in actual physical control" of a motor vehicle while under the influence of intoxicating liquor, contrary to the statute. He entered a plea of not guilty and the case was set for trial. The setting was thereafter vacated, and with the consent of the defendant and pursuant to the provisions of Section 44–2401, A.C.A.1939, the cause was certified to this court by Honorable Henry S. Stevens, one of the judges of the superior court, for decision on a point of law which was to the mind of the trial court so important and doubtful as to require such action.

The question presented is: whether under the facts, as hereinafter stated, the defendant was "in actual physical control" of the motor vehicle in question, in violation of Chapter 3, section 54, Laws 1950, First Special Session (now appearing as Sec. 66–156, 1952 Cumulative Supplement to A.C.A.1939).

From the agreed statement of facts it appears that officer N. Brennan was travelling north on North Central Avenue in Phoenix at 2:00 a.m. on the morning of November 17, 1953, in response to a call, and observed a 1953 Ford pickup truck stopped in the westbound lane of Roosevelt Street, near the intersection of Central Avenue and Roosevelt. The lights were on and no one could be seen at the wheel, it appearing that the vehicle was stalled, as other cars were going around it.

On his return from his call about twenty minutes later, officer Brennan observed the truck still in the same location and went over to investigate. The truck was parked in the westbound traffic lane of Roosevelt Street, next to some barricades which had been set up by street painters. The truck, together with the barricades, blocked the entire west traffic lane. The vehicle had bright lights on, and the motor was running. The officer found defendant to be in a very intoxicated condition, "passed out" or asleep

with both hands and his head resting on the steering wheel.

Officers McFarland and Peterson drove a patrol wagon to the scene in answer to officer Brennan's call, and they too found defendant to be in an intoxicated condition and found he had difficulty walking. A blood-alcohol test was taken later and it revealed that defendant's blood contained 0.231% of alcohol by weight. It further appears that defendant has a prior conviction of driving a motor vehicle while under the influence of liquor.

Section 54, Chapter 3, Laws 1950, First Special Session, provides in part as follows:

"It is unlawful and punishable as provided in paragraph (d) of this section for any person who is under the influence of intoxicating liquor to drive *or be in actual physical control* of any vehicle within this state." (Emphasis supplied.)

Defendant concedes the facts warrant a finding he was under the influence of intoxicating liquor, but contends the words "actual physical control" were not meant by the legislature to encompass such conduct as is here involved. It is argued that the statute in question is concerned with the driving of an automobile and other acts and conduct of a positive nature, and does not apply to the instant case where the vehicle was not moving and defendant was asleep or unconscious.

On the other hand, the state points out there has been a most significant change wrought in our law by the enactment of the statute, supra. Formerly, our law on the matter was Section 66–402, A.C.A.1939, which read:

"Any person under the influence of intoxicating liquor or narcotic drugs, or who is a habitual user of narcotic drugs, who shall drive any vehicle upon any highway within this state, shall be guilty of a misdemeanor, * * *."

This statute refers only to *driving,* and it was held that it applied only in cases where the vehicle was in motion, State v. Ponce, 59 Ariz. 158, 124 P.2d 543; cf. Gibbs v. State, 48 Ariz. 25, 58 P.2d 1037. In enacting the new law, the word "drive" was retained, and the words "or be in 'actual physical control'" were added in the *disjunctive.* The conclusion we draw therefrom is that the legislature intended the present law to embrace fact situations not covered by the old, more particularly the legislature intended the law should apply to persons having control of a vehicle while not actually driving it or having it in motion.

Moreover, the construction to be given here is governed by Section 43–102, A.C.A.1939, which declares "* * * The rule of the common law that penal statutes are to be strictly construed, has no application to this Code; its provisions are to be construed according to the fair import of their terms, with a view to effect its object and to promote justice. * * *" Thus, in construing this law we cannot ignore its manifest purpose. Each year as

a result of traffic accidents upon our Arizona highways, hundreds of persons are killed, thousands more are maimed and crippled, and hundreds of thousands of dollars worth of property is destroyed. A significant portion of this appalling and tragic loss is attributable to the drunken driver, and our legislature has long sought for some effective means to lessen the ghastly toll he levies upon our society. The value of preventive measures which enable the drunken driver to be apprehended before he strikes was pointed out in State v. Harold, 74 Ariz. 210, 246 P.2d 178, 181, wherein we said:

" * * * It appears to us to be even more important for the legislature to prevent operators of cars who are under the influence of intoxicating liquors or who are at the time driving recklessly and in wilful and wanton disregard for the safety of persons or property, from entering upon the highways and into the stream of traffic than to permit them to enter thereon and after a tragic accident has happened to punish them for maiming or causing the death of those who are lawfully in the use of such highways. * * *."

An intoxicated person seated behind the steering wheel of a motor vehicle is a threat to the safety and welfare of the public. The danger is less than that involved when the vehicle is actually moving, but it does exist. While at the precise moment defendant was apprehended he may have been exercising no conscious volition with regard to the vehicle, still there is a legitimate inference to be drawn that defendant had of his own choice placed himself behind the wheel thereof, and had either started the motor or permitted it to run. He therefore had the "actual physical control" of that vehicle, even though the manner in which such control was exercised resulted in the vehicle's remaining motionless at the time of his apprehension.

There are but few cases in point. A case with a nearly identical fact situation is Ohio v. Wilgus, 17 Ohio Supp. 34, in the Court of Common Pleas of Logan County, Ohio, decided March 8, 1945. The Ohio statute, Gen.Code, § 6307–19, prohibited one from being "in actual physical control" of a vehicle while under the influence of liquor. Defendant was apprehended in an intoxicated condition, asleep, slumped over the steering wheel of an automobile parked on the edge of the highway with the motor running. The trial court found him guilty of violating the Ohio statute. See also De-Hart v. Gray, Ky., 245 S.W.2d 434, wherein the intoxicated defendant who left his truck parked in the middle of the highway with the door open, lights on, and motor running, returned to it and stepped upon the running board, announcing his intention to drive away. It was held he had physical control of the truck, and the arresting officer had viewed a misdemeanor committed in his presence.

It is our considered opinion that the facts as herein stated, if established at the trial, will sustain a verdict of guilty. Therefore the question certified is answered in the affirmative.

PHELPS, C. J., and STANFORD, LA PRADE and WINDES JJ., concur.