735 P.2d 149

**The STATE of Arizona, Petitioner,**

**v.**

**SUPERIOR COURT of the State of Arizona, In and For the COUNTY OF GREENLEE, Respondent,**

**and**

**Bicente Dan GOSEYUN, Real Party in Interest.**

No. 2 CA–SA 87–0010.

Court of Appeals of Arizona, Division 2, Department A.

March 17, 1987.

**120**

William A. Coffeen, Greenlee Co. Atty. by Dennis L. Lusk, Clifton, for petitioner.

Richardson, Mortensen & Smith by Jared O. Smith, Safford, for real party in interest.

## OPINION

HOWARD, Presiding Judge.

The real party in interest is the defendant in the trial court action, charged with a second violation of A.R.S. § 28–692(B) under § 28–692.01(E). He was found guilty by a jury in the justice court, and he appealed his conviction to the Greenlee County Superior Court. Due to an inadequate record in the justice court, the superior court ordered that the appeal be heard as a trial *de novo*. The defendant then filed a motion in limine to settle the jury instruction defining "actual physical control" as it appears in A.R.S. § 28–692. The court considered the motion on stipulated facts. We assume jurisdiction of the state's petition for special action challenging the court's ruling[1] and grant relief.

The essential facts of this case follow. A Department of Public Safety patrolman observed a vehicle parked along U.S. Highway 666, not far from its junction with U.S. 75 and U.S. 78. The car was parked 10 to 20 feet from the edge of the pavement, entirely within the highway right-of-way, facing traffic at approximately a 45–degree angle with its bright headlights shining. When the officer approached the vehicle, he saw that it was occupied by four adult males. A back-up unit arrived and the D.P.S. patrolman determined that all four occupants were asleep, the engine was running, and the transmission was placed in the park position. The officer had difficulty awakening the driver, the defendant. When awakened, the defendant complied with the officer's request to turn off the ignition and exit the vehicle and, at that time, the officer noted the odor of alcohol on the defendant's breath and his unsteadiness on his feet. The defendant was arrested following his unsatisfactory performance of several field sobriety tests. A breath test administered with the defendant's consent approximately 40 minutes after arrest resulted in a reading of 0.13 percent blood alcohol content. The parties stipulated that at the initial trial, the defendant testified that he realized he was "too sleepy to drive," and decided to sit there until he was fully awake.

A.R.S. § 28–692(B) states: "It is unlawful and punishable as provided in § 28–692.01 for any person to drive or be in actual physical control of any vehicle within this state while there is 0.10 per cent or more by weight of alcohol in the person's blood." The statute describes a single offense that may be committed in either of

---

1. The instruction approved by the trial court is as follows:

   To be in actual physical control of a motor vehicle, it is not necessary that the motor vehicle be in motion, but only that the defendant had of his own choice placed himself behind the wheel and either started the motor or permitted it to run. Thus, a person may be in actual physical control of a vehicle even though at the time of his arrest the vehicle is motionless and the person is asleep.

   However, a person is not, under the law, guilty of being in actual physical control, who, believing his driving is impaired, pulls completely of [sic] the highway, renders or attempts to render the vehicle immobile, and sleeps in his vehicle until he is sober. If you find the Defendant acted in this manner, then you should find him not guilty.

two ways. The first manner of violating the statute is by driving while there is 0.10 percent or more blood alcohol in the driver's blood. Our supreme court has previously stated that driving entails some motion of the vehicle in which the defendant is apprehended. *See State v. Webb,* 78 Ariz. 8, 10, 274 P.2d 338, 339 (1954). In the instant case, there is no dispute that the defendant's car was motionless at the point when the officer encountered it.

The statute also makes it a crime to be in "actual physical control of any vehicle" while there is 0.10 percent or more by weight of alcohol in the driver's blood. While the legislature has not defined the term, the supreme court held in *State v. Webb* that the 1950 amendment to the statute which added the words "or be in actual physical control" manifests a legislative intent that the law apply to persons having control of a vehicle while not actually driving it or having it in motion. 78 Ariz. at 10, 274 P.2d at 339. *See* Laws 1950, Chap. 3, § 54. In *State v. Webb,* the defendant was found asleep in his pickup truck which was stopped in a lane of traffic with the motor running and lights on. There, the court discussed the state's paramount interest in implementing effective means to lessen the toll of death, injury and property damage which is caused by drunken drivers. In *State v. Harold,* 74 Ariz. 210, 215, 246 P.2d 178, 181 (1952), quoted in *State v. Webb,* the court said:

> It appears to us to be even more important for the legislature to prevent operators of cars who are under the influence of intoxicating liquors ... from entering upon the highways and into the stream of traffic than to permit them to enter thereon and after a tragic accident has happened to punish them....

78 Ariz. at 11, 274 P.2d at 339–40.

There is no question that an intoxicated person seated behind the steering wheel of a motor vehicle is a threat to the public safety and welfare. As the court recognized in *Webb,* the danger is less where the vehicle is not moving, but it does exist. The *Webb* court stated:

> While at the precise moment defendant was apprehended he may have been exercising no conscious volition with regard to the vehicle, still there is a legitimate inference to be drawn that defendant had of his own choice placed himself behind the wheel thereof, and had either started the motor or permitted it to run. He therefore had the "actual physical control" of that vehicle, even though the manner in which such control was exercised resulted in the vehicle's remaining motionless at the time of his apprehension.

*Id.*

In *State v. Zavala,* 136 Ariz. 356, 666 P.2d 456 (1983), the supreme court again considered the question of "actual physical control." There, the defendant was found asleep in his vehicle, which was stopped in the emergency or shoulder lane of Interstate 10 with the motor not running and the key in the ignition. There, the court recognized that the *Webb* opinion focused on two circumstances: the fact that the motor was running, and the position of the defendant's vehicle in a traffic lane. In *Zavala,* since neither of those circumstances were present, the supreme court reversed the conviction and found that the defendant was not in "actual physical control" pursuant to the statute. The court stated:

> The defendant's truck ignition was off; thus the engine was not running. Also, in contrast to the position of the vehicle in *Webb,* the defendant's truck in the instant case was entirely in the emergency lane of the highway. We find that while the defendant remained behind the wheel of the truck, the pulling off to the side of the road *and* turning off the ignition indicate that defendant voluntarily ceased to exercise control over the vehicle prior to losing consciousness.

136 Ariz. at 358–59, 666 P.2d at 458–59 (emphasis added). The *Zavala* court explained its interpretation of the legislature's undefined and imprecise language as follows:

> [I]t is reasonable to allow a driver, when he believes his driving is impaired, to pull

completely off the highway, turn the key off and sleep until he is sober, without fear of being arrested for being in control. To hold otherwise might encourage a drunk driver, apprehensive about being arrested, to attempt to reach his destination while endangering others on the highway.

*Id.* at 359, 666 P.2d at 459.

■ In the instant case, while the defendant had pulled his car completely off the pavement so as not to restrict or interfere with the flow of traffic, he did not turn off the ignition so that the engine was not running. We believe that our supreme court's use of the conjunction "and" in *State v. Zavala* requires a driver to do two things in order to be found not in actual physical control of his vehicle. He must place his vehicle away from the road pavement, outside regular traffic lanes, and he must turn off the ignition so that the vehicle's engine is not running.

■ In his response, the defendant argues that a finding of "intent" to drive must be made before he may be determined to have been in actual physical control of the vehicle. We disagree. We believe our supreme court in *Webb* and *Zavala* rejected a test which turns on the subjective intent of the driver and chose a determination based on the actual circumstances present at the time his vehicle is discovered by the authorities.

Defendant also argues that we must distinguish "highway" from "roadway." In view of our finding that a driver must only pull completely off the pavement or out of a traveled traffic lane, such a distinction need not be made.

■ Citing the extreme climate differences in Arizona, defendant contends that requiring a driver to turn off the ignition should not be dispositive as to the issue of actual physical control. As defendant acknowledges, that rule is essentially a policy question. In view of the state's interest in protecting the safety and welfare of the general public, we do not believe that a driver who, during operation of his vehicle, determines that he is impaired and pulls off the roadway, has interests which outweigh those of public safety. *See Lathan v. State,* 707 P.2d 941 (Alaska App.1985).

■ Defendant also argues that any of the other occupants of his vehicle could have started the vehicle after he had fallen asleep. While that may be proved at trial, it does not change the general rule to be applied.

■ Finally, defendant argues that a prospective determination of the jury instruction is error. We assume that the trial court will instruct the jury only if the evidence supports a particular instruction. However, a pretrial settlement of the statutory interpretation is not error. Defendant also raises the issue of his other proposed jury instructions. Those instructions will be settled by the court once it determines whether they are supported by the evidence at trial.

The trial court's proposed instruction should be modified to read as follows:

To be in actual physical control of a motor vehicle, it is not necessary that the motor vehicle be in motion. The defendant may have been in actual physical control if he, of his own choice, placed himself behind the wheel and either started the motor or permitted it to run. Thus, a person may be in actual physical control of a vehicle even though at the time of his arrest the vehicle is motionless and the person is asleep or unconscious.

However, a person is not, under the law, in actual physical control if he pulls completely off the pavement or out of traffic, turns off the engine, and sleeps in his vehicle until he is sober. If you find the defendant acted in this manner, then you should find him not guilty.

The order of the trial court is modified as stated above and this case is remanded for proceedings consistent with this opinion.

HATHAWAY, C.J., and LIVERMORE, J., concur.