772 P.2d 1148

**The STATE of Arizona, Appellant,**

v.

**Spencer Del VERMUELE, Appellee.**

**No. 2 CA-CR 88-0376.**

Court of Appeals of Arizona,
Division 2, Department A.

Jan. 31, 1989.

Review Denied May 23, 1989.

**296**

Stephen D. Neely, Pima County Atty. by Hy David Rubenstein, Tucson, for appellant.

Law Office of William J. Redondo by Patrick C. Hurd, Tucson, for appellee.

## OPINION

HOWARD, Judge.

The state appeals from the trial court's granting of appellee's motion to dismiss. The facts show that a little after midnight on February 24, 1988, police officers observed a vehicle which was parked illegally upon the curbside adjacent to a Tucson bar. Upon approaching the vehicle, they saw appellee engaged in boisterous conversation with two other subjects who subsequently left. They observed appellee lose his balance and noted that his speech was very slurred. The officers observed appellee enter his vehicle and turn the ignition to the "on" position. The dashboard lights came on, but the engine never started. They confronted him, ordered him out of the vehicle and subsequently arrested him for a violation of A.R.S. § 28–692(B). Appellee's motion to dismiss maintained that he was not in "actual physical control" of his vehicle within the meaning of that statute. The trial court agreed and granted the motion.

This case presents a new twist on the line of cases defining "actual physical control of any vehicle." A.R.S. § 28–692(B). In *State v. Webb*, 78 Ariz. 8, 274 P.2d 338 (1954), our supreme court held that the words "or be in actual physical control," added by the 1950 amendment to the statute, manifested an intent that the law be applied to people who had control of a vehicle although they were not actually driving it or placing it in motion. In *Webb*, the defendant was asleep in his pickup truck, which was stopped in a lane of traffic with the motor running and the lights on. The court in *Webb* noted that although the danger to society presented by an intoxicated person seated behind the steering wheel of a motor vehicle is less where the vehicle is not moving, it still does exist. The court stated:

> While at the precise moment defendant was apprehended he may have been exercising no conscious volition with regard to the vehicle, still there is a legitimate inference to be drawn that defendant had of his own choice placed himself behind the wheel thereof, and had either started the motor or permitted it to run. He therefore had the "actual physical control" of that vehicle, even though the manner in which such control was exercised resulted in the vehicle's remaining motionless at the time of his apprehension.

78 Ariz. at 11, 274 P.2d at 340.

The question of "actual physical control" was considered next in *State v. Zavala*, 136 Ariz. 356, 666 P.2d 456 (1983). In *Zavala*, the defendant was found asleep in his vehicle, which was stopped in the emergency or shoulder lane of the highway with the motor turned off but the key in the ignition. The court in *Zavala* found that the defendant was not in actual physical control of the vehicle, stating:

> The defendant's truck ignition was off; thus the engine was not running. Also, in contrast to the position of the vehicle in *Webb*, the defendant's truck in the instant case was entirely in the emergency lane of the highway. We find that while the defendant remained behind the wheel of the truck, the pulling off to the side of the road and turning off the ignition indicate that defendant voluntarily ceased to exercise control over the vehicle prior to losing consciousness.

136 Ariz. at 358–59, 666 P.2d at 458–59. The supreme court in *Zavala* explained that its interpretation of the language of

A.R.S. § 28–692(B) encouraged a driver who felt impaired to completely pull off the highway, turn the key off and sleep until he is sober without fear of being arrested for being in control.

In *State v. Superior Court in and for the County of Greenlee*, 153 Ariz. 119, 735 P.2d 149 (1987), this court was presented with a situation where the car in question was parked 10 to 20 feet from the edge of the pavement, entirely within the highway right-of-way, facing traffic at approximately a 45–degree angle with its bright lights on. All four occupants of the vehicle were asleep, the engine was running and the transmission was in the "park" position. We reiterated the requirement of *Zavala* that a driver do two things in order to be found not in actual physical control of the vehicle: he must place his vehicle away from the pavement outside regular traffic lanes and must turn the ignition so that the engine is not running. We also reiterated the position of the court in *Webb* and *Zavala* that no finding of "intent to drive" must be made before a driver may be found to have actual physical control of the vehicle.

In the instant case, appellee's claim was that he recognized his intoxicated condition, was sitting behind the wheel of his vehicle and had turned the key to the "on" position so that his mobile phone would become operative in order that he might secure a ride home. The question then in this case is not whether appellee had relinquished actual physical control of a vehicle in order to sober up but, rather, whether he had gained physical control of the vehicle. There is no question but that the *Webb* line of cases is factually distinguishable, primarily because the drivers of those vehicles at the time of their apprehension were asleep, and therefore the finding of their being in actual physical control was keyed to their ability to maneuver their vehicles out into the stream of traffic. Here, there is no question that appellee, who was not asleep, and who had placed the keys of his vehicle into the ignition and turned it as far as the "on" position, was readily capable of placing his vehicle into the stream of traffic. It is clear that appellee was in "actual physical control" of his vehicle, and the officers would have been derelict in their duties had they allowed appellee to start the engine and begin operating the vehicle. The trial court's finding that appellee was not in actual physical control was in error and the order dismissing the prosecution is vacated. The case is remanded for further proceedings.

LIVERMORE, P.J., and
HATHAWAY, J., concur.