845 P.2d 508

**STATE of Arizona ex rel. Roderick G. McDOUGALL, Phoenix City Attorney, Petitioner,**

v.

**SUPERIOR COURT OF the State of Arizona, In and For the COUNTY OF MARICOPA, the Honorable Frederick J. Martone, a judge thereof, Respondent Judge,**

**Dean Dwight SCHRADER, Real Party in Interest.**

**No. 1 CA–SA 91–328.**

Court of Appeals of Arizona, Division 1, Department B.

Sept. 10, 1992.

Reconsideration Denied Oct. 21, 1992.

Petition for Review Granted Feb. 17, 1993.*

Review Dismissed April 27, 1993.■

---

* Martone, J., of the Supreme Court, recused himself and did not participate in the determination of this matter.

---

Roderick G. McDougall, Phoenix City Atty. by Gregory S. Williams, Asst. City Prosecutor, Phoenix, for petitioner.

Basil G. Diamos, Phoenix, for real party in interest.

OPINION

GARBARINO, Judge.

Appellant Dean Dwight Schrader (the defendant) was arrested and charged with

violating Ariz.Rev.Stat.Ann. (A.R.S.) section 28–692(A)(1) and (A)(2) which makes it unlawful for any person to drive or be in actual physical control of any vehicle within the state while under the influence of intoxicating liquor if the person is impaired to the slightest degree or with a blood alcohol content of .10 or greater within two hours of driving or being in actual physical control of the vehicle.

The defendant waived his right to a jury trial, and the case was tried to the Phoenix Municipal Court. The only issue before the municipal court was whether the defendant was in actual physical control of his vehicle. The court found the defendant guilty of being in actual physical control while under the influence of alcohol, and while having a blood alcohol concentration of .10 or more within two hours. The defendant appealed to the Maricopa County Superior Court. The superior court, sitting as an intermediate appellate court, reversed on appeal and remanded to the Phoenix Municipal Court, with directions to enter a verdict of acquittal on each of the charges. The state filed a petition for special action contesting this ruling. We accepted jurisdiction and granted relief with an opinion to follow. This is that opinion.

## JURISDICTION

Our jurisdiction of this special action is governed by A.R.S. section 12–120.21(A)(4), which provides:

A. The court of appeals shall have:

. . . .

4. Jurisdiction to hear and determine petitions for special action brought pursuant to the rules of procedure for special actions, without regard to its appellate jurisdiction.

Based upon the foregoing statute and the fact that this case is of statewide importance, we accept jurisdiction and grant relief.

## ISSUE

The sole issue for our consideration in this special action is whether the superior court erred in finding that the defendant was not in "actual physical control" of his vehicle pursuant to A.R.S. section 28–692(A)(1) and (2).

## FACTS AND PROCEDURAL HISTORY

The facts in this case are essentially undisputed. The defendant was arrested on February 3, 1991, at 8:30 p.m. in Phoenix, Arizona. He had been at a party drinking alcohol since approximately noon. At approximately 7 p.m., the defendant left the party and went to his vehicle which was parked in a paved parking lot of a cabin park. The property contained driveways which turned onto a public street. The defendant's vehicle was not on a roadway. When the defendant entered the vehicle he turned on the engine and the heater. Two local residents heard the motor running for approximately one hour. When the residents went to investigate, the defendant was sitting slumped over the wheel and he was sleeping. One of the residents attempted to awaken the defendant, but he did not respond. The resident turned the ignition off, took the keys with him, and called 911. When the police arrived at approximately 8:30 p.m., the defendant was disoriented and belligerent. The police observed that the defendant had symptoms of intoxication. No field sobriety tests were administered, but a Gas Chromatograph Intoxilizer (GCI) test performed at the police station established that the defendant had a blood alcohol content of .19. The defendant was arrested and charged with violating A.R.S. section 28–692(A)(1) and (2).

The municipal court found that the defendant did not intend to drive the vehicle, that he was out of traffic, but that he had his engine running. The court noted that the facts of this case differ from the facts in *State v. Zavala*, 136 Ariz. 356, 666 P.2d 456 (1983), the distinguishing factor being that in *Zavala* the defendant was found *not* to be in actual physical control of his vehicle because the engine was *not* running. Therefore, based upon our supreme court's holding in *Zavala*, the municipal court found the defendant to be in "actual physical control" of his vehicle, in violation of the statute. The defendant was sen-

tenced to alcohol abuse screening and a $430 fine. The sentence was imposed on both citations, to run concurrently.

The defendant appealed to the Maricopa County Superior Court. He asserted that he was never in "actual physical control" of his vehicle because he never intended to drive the vehicle and he was well off the roadway in a parking lot at the time he was arrested. The state argued that the defendant had placed himself in the driver's seat of the vehicle with the engine running and then fell asleep. Therefore, he never "voluntarily ceased to exercise control over the vehicle prior to losing consciousness" as required by *Zavala*. 136 Ariz. at 359, 666 P.2d at 459. Additionally, the state argued that the intent of the defendant was irrelevant. The superior court reversed the municipal court's judgment and remanded the case to that court with directions to enter a verdict of acquittal on each of the charges. The superior court stated:

While the bright line test of having an ignition on or off may ordinarily be dispositive, and while intent to drive need not be proven, where, as here, the undisputed facts indicate that the defendant did not intend to drive and had not been driving, and that the engine had been on to keep the defendant warm, the bright line test must yield to a result which advances the purposes sought to be served by Zavala.

The court further stated that the purpose of the court's holding in *Zavala* was to allow intoxicated persons to stay in their nonmoving cars until they "sleep it off."

## DISCUSSION

Arizona Revised Statutes Annotated section 28–692(A) states:

A. It is unlawful and punishable as provided in § 28–692.01 for any person to drive or be in actual physical control of any vehicle within this state under any of the following circumstances:

1. While under the influence of intoxicating liquor, any drug, a vapor releasing substance containing a toxic substance or any combination of liquor, drugs or va-

por releasing substances if the person is impaired to the slightest degree.

2. If the person has an alcohol concentration of 0.10 or more within two hours of driving or being in actual physical control of the vehicle.

While our legislature has not defined the term "actual physical control," our supreme court has stated that the 1950 amendment to the statute which added the words "or be in actual physical control" manifests a legislative intent that the law apply to persons having control of a vehicle while not actually driving it or having it in motion. *State v. Webb*, 78 Ariz. 8, 10, 274 P.2d 338, 339 (1954).

In *Webb*, the defendant was discovered in his truck, parked in a lane of traffic with the headlights on, and the motor running. 78 Ariz. at 9–10, 274 P.2d at 338–39. The police found the defendant asleep and intoxicated with both hands and his head resting on the steering wheel. *Id.* On appeal, the defendant conceded that he was under the influence of intoxicating liquor, but argued that the statute did not encompass his conduct. 78 Ariz. at 10, 274 P.2d at 339. He asserted that the statute did not apply to the facts of his case where the vehicle was not moving and he was asleep or unconscious. *Id.* Our supreme court held that the defendant was in "actual physical control" of his vehicle, in violation of the statute. 78 Ariz. at 11, 274 P.2d at 340. The court in *Webb* focused on 2 circumstances present at the time of the arrest: the fact that the vehicle's engine was running and the position of the truck in a lane of traffic. 78 Ariz. at 11, 274 P.2d at 340. In holding that these facts established a violation of the statute, the court stated:

An intoxicated person seated behind the steering wheel of a motor vehicle is a threat to the safety and welfare of the public. The danger is less than that involved when the vehicle is actually moving, but it does exist. While at the precise moment the defendant was apprehended he may have been exercising no conscious volition with regard to the vehicle, still there is a legitimate inference

to be drawn that defendant had of his choice placed himself behind the wheel thereof, and had either started the motor or permitted it to run. He therefore had the "actual physical control" of that vehicle, even though the manner in which such control was exercised resulted in the vehicle's remaining motionless at the time of the apprehension.

78 Ariz. at 11, 274 P.2d at 340.

The *Webb* court clearly articulated that even if the driver is exercising "no conscious volition" at the moment of apprehension he did have "actual physical control" even though his vehicle remained motionless. Therefore, even if the driver did not intend to drive, he was still in "actual physical control." 78 Ariz. at 11, 274 P.2d at 340.

The question of "actual physical control" was next considered by our supreme court in *State v. Zavala,* 136 Ariz. 356, 666 P.2d 456 (1983). In *Zavala,* the defendant was found asleep in his vehicle, which was stopped in the emergency lane of the freeway with the key in the ignition. 136 Ariz. at 357, 666 P.2d at 457. However, the motor was *not* running. *Id.* The court stated that the element of "actual physical control" is shown where defendant has " 'the apparent ability to start and move the vehicle.' " 136 Ariz. at 359, 666 P.2d at 459. The court focused on the identical factors the *Webb* court focused upon when it determined whether the defendant was in "actual physical control": the fact that the motor was running, and the position of the defendant's vehicle in a traffic lane. *Id.* at 358, 666 P.2d at 458. The court found that since neither of those circumstances were present, the defendant was not in "actual physical control" of the vehicle pursuant to the statute. *Id.* at 359, 666 P.2d at 459. The court set forth a 2–prong test which must be met to find that a defendant is not in "actual physical control" pursuant to the statute: The impaired driver must remove his vehicle from the roadway *and* the driver must turn the engine off. 136 Ariz. at 358–59, 666 P.2d at 458–59. The court explained that its interpretation of the language of A.R.S. section 28–692(A) encouraged a driver who felt impaired to completely pull off the highway, turn off the key, and sleep until he is sober without fear of being arrested for being in "actual physical control." 136 Ariz. at 359, 666 P.2d at 459. "To hold otherwise might encourage a drunk driver, apprehensive about being arrested, to attempt to reach his destination while endangering others on the highway." *Id.*

Following *Zavala,* this court held that as a matter of law, a person is in "actual physical control" of his vehicle if the ignition is turned to the "on" position, even though the engine is not running. *State v. Del Vermuele,* 160 Ariz. 295, 297, 772 P.2d 1148, 1150 (App.1989). In *Del Vermuele,* the defendant was parked illegally on a curbside adjacent to a bar. 160 Ariz. at 296, 772 P.2d at 1149. Upon approaching the vehicle, the police observed the defendant lose his balance and they noticed that his speech was slurred. *Id.* When the defendant entered his vehicle, he turned the ignition switch to the "on" position. *Id.* The dashboard lights were on but the engine was not running. *Id.* The defendant was confronted by the police, ordered out of the vehicle and subsequently arrested for being in "actual physical control" of his vehicle while having a BAC of .10 or more, pursuant to A.R.S. section 28–692(A). The defendant contended that he had turned the ignition key on so that his mobile phone would become operative in order that he could secure a ride home. 160 Ariz. at 297, 772 P.2d at 1150. The court found that *Webb* and *Zavala* were factually distinguishable, primarily because the drivers of those vehicles at the time of their apprehension were asleep. *Id.* The court reasoned that the findings in those cases of the defendants being in "actual physical control" were related to their ability to maneuver the vehicles out into the stream of traffic. *Id.* The court focused upon the fact that in this case the defendant was not asleep and was readily capable of placing his vehicle into the stream of traffic. *Id.* The court held that the defendant was clearly in "actual physical control" of his vehicle. *Id.* The court noted that "[t]he officers would have been derelict in their

duties had they allowed appellee to start the engine and operate the vehicle." *Id.*

Courts in other jurisdictions have held intoxicated motorists to be in "actual physical control" of a vehicle while asleep or passed out behind the steering wheel. *Commonwealth v. Kloch*, 230 Pa.Super. 563, 327 A.2d 375 (1974); *City of Kansas City v. Troutner*, 544 S.W.2d 295 (Mo.App. 1976). In so holding, these courts have viewed the motorist as being in a position to regulate the vehicle's movements or as having the authority to manage the vehicle.

The state first asserts that the superior court misapplied the 2–prong test set forth in *Zavala* by considering the defendant's subjective intent as to whether he intended to drive the vehicle. Citing *State v. Goseyun*, 153 Ariz. 119, 122, 735 P.2d 149, 152 (App.1987) the state contends that this court rejected a subjective intent test when it stated:

> We believe our supreme court in *Webb* and *Zavala* rejected a test which turns on the subjective intent of the driver and chose a determination based on the actual circumstances present at the time his vehicle is discovered by the authorities.

■ We find that portion of the superior court's ruling which gave effect to the finding that the defendant did not intend to drive the vehicle to be in error. Our supreme court's holdings in *Webb* and *Zavala* are controlling in this case. In both *Webb* and *Zavala* our supreme court refused to consider the subjective intent of the defendant. Rather, the court focused upon whether the defendant had pulled off the road and had turned off the ignition, indicating that the defendant voluntarily ceased to exercise control over the vehicle prior to losing consciousness.

The state also contends that the superior court simply misapplied the 2–prong test articulated in *Zavala*. The state asserts that the defendant did not take affirmative steps to lower the life-threatening risks to the public as required by *Zavala*. The defendant did not remove himself from the flow of traffic at the time he knew he was impaired. Rather, he placed himself in actual physical control of his vehicle by affir-

matively getting into his vehicle and sitting behind the steering wheel. The defendant also turned on the engine, thereby raising the risk of danger to the traveling public. The state argues that *Zavala* requires the defendant to remove the vehicle from the roadway outside the flow of traffic *and* to turn off the ignition to show that the defendant voluntarily ceased to exercise control over the vehicle prior to losing consciousness. The state contends that because both of these factors were not met, the trial court erred in finding that the defendant was not in "actual physical control" of his vehicle. We agree, and find fault only with the state's characterization that the defendant was restricting or interfering with the flow of traffic.

■ The facts indicate that the defendant was pulled off of the roadway in a parking lot and was sleeping. However, regardless of this fact, *Zavala* holds that for a driver to be found not in "actual physical control" of his vehicle he must place his vehicle away from the road pavement outside the flow of traffic *and* turn off the ignition. 136 Ariz. at 358–59, 666 P.2d at 458–59. We believe the acts of the defendant were sufficient to support the defendant's conviction of being in "actual physical control" of a vehicle while intoxicated pursuant to *Zavala*. Therefore, the superior court erred in finding to the contrary.

There is no question that an intoxicated person sitting behind the steering wheel of a motor vehicle is a threat to the public safety and welfare. We believe that as long as the defendant is physically able to assert dominion, in the sense of movement, then he has as much control over the vehicle as he would if he were actually driving the vehicle. It is not dispositive that the defendant's car was not moving, and that the defendant was not making an effort to move it when the police arrived. There is a legitimate inference to be drawn from the fact that since the defendant placed himself behind the wheel of the vehicle with the engine running, he could have at any time driven away. He therefore had "actual

physical control" of the vehicle within the meaning of the statute.

Finally, the state asserts that the superior court erred when it stated that "this case seems to fit Zavala's purpose of allowing inebriated persons to stay in their non-moving cars until they sleep it off." The state argues that *Zavala's* purpose is not to allow impaired persons to take affirmative steps to get into their car and operate the controls. Rather, the court's purpose in *Zavala* was to encourage drivers to pull off the road and to turn off the engine without fear of being arrested for being in control. The *Zavala* policy requires affirmative steps to lessen potential life-threatening risk to the motoring public.

The real purpose of A.R.S. section 28–692(A)(1), (2) and (3) is to deter individuals who have been drinking intoxicating liquor from operating their vehicles while in an intoxicated state. The "actual physical control" offense is a preventative measure intended to deter the drunk driver. One who has been drinking intoxicating liquor should not be encouraged to test his driving ability on any road, where his life and the lives of other motorists are at stake.

### CONCLUSION

The order of the superior court is reversed, and this case is remanded for proceedings consistent with this opinion.

KLEINSCHMIDT, Acting P.J., and SHELLEY, J.**, concur.