870 P.2d 1160

The STATE of Arizona, Appellant,

v.

Lionel Francis LARRIVA, aka
Frank Larriva, Appellee.

No. 2 CA–CR 92–0847.

Court of Appeals of Arizona,
Division 2, Department B.

Sept. 23, 1993.

Review Denied April 5, 1994.

Stephen D. Neely, Pima County Attorney by Christina M. Cabanillas, Tucson, for appellant.

Jack L. Lansdale, Jr., Tucson, for appellee.

## OPINION

HATHAWAY, Judge.

The state appeals from the trial court's order dismissing with prejudice a charge against appellee of driving under the influence of intoxicating liquor while his license was suspended. The basis for the trial court's ruling was its finding that appellee was not in "actual physical control" of the car. We reverse.

The testimony at the hearing on appellee's motion to dismiss was as follows. Early in the morning of March 11, 1992, an employee of the Tucson Racquet Club was informed by members of the club that they smelled burning rubber in the parking lot. Upon investigation, the employee saw a car which was "high centered" on a curb at the edge of the parking lot, resting on a safety wire which prevented it from falling into the Rillito River. One of the rear tires was up in the air on the river side of the curb, and the other tire was touching the ground on the parking lot side of the curb. Appellee was sitting in the driver's seat, gunning the engine, which caused the tire to spin on the ground and produced the burning smell.

Appellee asked the employee to help him get the car back on the road and moving, but the employee refused and eventually persuaded appellee to turn the engine off and come inside. The employee noticed the smell of alcohol on appellee's breath and concluded that he was intoxicated. He called 911 and police responded to the scene. After field sobriety tests were performed unsuccessfully, appellee was arrested. A day later, a tow truck driver was called to remove the car. The driver testified that he had to wedge the car over the curb, that no one could have moved the vehicle simply by driving it and that, given the car's proximity to the river, it was impossible for anyone to have simply pushed the vehicle over the curb from behind.

The statute under which appellee was charged by reference, A.R.S. § 28–692(A), creates a single offense which may be com-

mitted in either of two ways. *State v. Zavala,* 136 Ariz. 356, 666 P.2d 456 (1983). The first way, driving while intoxicated, requires proof of "some motion of the vehicle in which the offender is apprehended." *Id.* at 358, 666 P.2d at 458. The second way is by exercising "actual physical control" of a vehicle while intoxicated, and was the issue presented here in the motion to dismiss. In *Zavala,* the supreme court adopted the definition of the Utah Supreme Court to conclude that "the element of actual physical control is shown where a defendant has 'the apparent ability to start and move the vehicle,' distinguishing this circumstance from the situation where a defendant is 'physically unable to start the car, as would be the case with an unconscious or sleeping motorist.'" *Id.* at 359, 666 P.2d at 459, quoting *Garcia v. Schwendiman,* 645 P.2d 651, 654 n. 3 (Utah 1982). The court reasoned as follows:

> The interpretation we place on the legislature's imprecise language is compelled by our belief that it is reasonable to allow a driver, when he believes his driving is impaired, to pull completely off the highway, turn the key off and sleep until he is sober, without fear of being arrested for being in control. To hold otherwise might encourage a drunk driver, apprehensive about being arrested, to attempt to reach his destination while endangering others on the highway.

136 Ariz. at 359, 666 P.2d at 459.

■ Zavala's conviction was reversed where the court found that he had pulled his car entirely off the road and turned off the ignition before passing out. In subsequent cases, however, actual physical control has been found where the ignition had not been turned off, *State v. Superior Court,* 153 Ariz. 119, 735 P.2d 149 (App.1987), and where it had been turned on, even though the engine never started. *State v. Vermuele,* 160 Ariz. 295, 772 P.2d 1148 (App.1989). Although the state relies on these cases to argue that the focus of the inquiry is the driver, not the

vehicle, we note that none of the cases involved an allegedly inoperable or immobile vehicle.

A similar factual situation was presented, however, in *Garcia v. Schwendiman, supra.* The defendant in that case was convicted of being in actual physical control of a vehicle under the influence after he was found in his car attempting to start the engine while he was intoxicated. Another car had parked behind the defendant's vehicle so that it was impossible for him to back out of his parking stall. The Utah Supreme Court found this fact to be no bar to conviction, agreeing with cases from other jurisdictions concluding that the inoperability of the vehicle does not preclude a finding of actual physical control. *State v. Dubany,* 184 Neb. 337, 167 N.W.2d 556 (1969); *State v. Schuler,* 243 N.W.2d 367 (N.D.1976).

Although *Zavala* did not involve the precise factual situation under consideration here, our supreme court's reliance on *Garcia v. Schwendiman,* together with case law from other jurisdictions[1], leads us to conclude that the operability of the vehicle is only tangentially relevant to the determination of actual physical control. As the Washington Court of Appeals noted in *State v. Smelter,* 36 Wash.App. 439, 444, 445, 674 P.2d 690, 693 (App.1984):

> The focus should not be narrowly upon the mechanical condition of the car when it comes to rest, but upon the status of its occupant and the nature of the authority he or she exerted over the vehicle in arriving at the place from which, by virtue of its inoperability, it can no longer move. Where, as here, circumstantial evidence permits a legitimate inference that the car was where it was because of the defendant's choice, it follows that the defendant was in actual physical control. To hold otherwise could conceivably allow an intoxicated driver whose vehicle was rendered

---

1. *See, e.g., Lathan v. State,* 707 P.2d 941 (Alas. 1985) (actual physical control found where defendant did not begin drinking until after his car became stuck in the mud and he was unable to get it out); *Colorado Division of Revenue v. Lounsbury,* 743 P.2d 23 (Colo.1987) (vehicle stuck in snow bank); *State v. Taylor,* 203 Mont. 284, 661 P.2d 33 (1983) (vehicle stuck in borrow pit); *State v. Harrison,* 115 N.M. 73, 846 P.2d 1082 (App.1992) (tires blocked); *State v. Smelter,* 36 Wash.App. 439, 674 P.2d 690 (App.1984) (car out of gas).

inoperable in a collision to escape prosecution.

In the present case, the facts would permit an inference that appellee's car was inoperable because he had driven it over the curb while attempting to leave the parking lot. Under these circumstances, the fact that the car could not be readily driven off the curb does not preclude a finding of actual physical control. Accordingly, to the extent that the trial court based the dismissal order on its finding that appellee's car could not have been moved at the time appellee was discovered behind the wheel, that order was erroneous.

The order of dismissal is reversed and the cause is remanded for further proceedings.

DRUKE, C.J., concurs.

ESPINOSA, Presiding Judge, specially concurring.

I believe it important to note that the order of dismissal, and therefore our review, was limited to the issue of actual physical control, even though the indictment charges both methods of committing the offense. In neither the trial court nor this court did the parties address the issue of whether appellee could be convicted of driving under the influence, apparently under the belief, as asserted by appellee in his motion to dismiss, that "[i]f the vehicle is not in motion in the presence of the arresting officers or other competent witnesses, there can be no conviction for 'driving under the influence of intoxicating liquors.'" Just as *Zavala* has been limited to its facts on the issue of actual physical control, *see, e.g., State v. Vermuele,* 160 Ariz. 295, 772 P.2d 1148 (App.1989); *State v. Superior Court,* 153 Ariz. 119, 735 P.2d 149 (App.1987), I believe *Zavala* can and should be limited to its facts on the issue of driving under the influence.

In *Zavala,* the defendant and his vehicle were found by a Department of Public Safety patrolman in the emergency lane of a controlled access highway. The defendant was partially hanging outside the driver's window, unconscious and intoxicated, but the vehicle was entirely off the travelled portion of the road and the motor had been turned

off. The supreme court concluded without discussion that there was insufficient evidence that the defendant had been driving under the influence. Although it would be easy to infer from this holding, as the parties and the trial court apparently did here, that driving under the influence can only be proved by direct evidence, I do not believe that this was the court's intention.

First, such a result would go well beyond what appears to have been the court's only purpose, to permit drivers who recognize their impairment to pull entirely off the road and turn off their vehicles without fear of criminal sanctions. Because the statutory underpinnings for the court's conclusion are tenuous at best, I see no reason to extend the decision to factual situations outside *Zavala's* rationale.

Second, it would exempt this one offense from the general rule, applicable to far more serious crimes, that direct evidence is not essential and that a conviction may be based entirely on circumstantial evidence. *See, e.g., State v. Schad,* 129 Ariz. 557, 633 P.2d 366 (1981), *cert. denied,* 455 U.S. 983, 102 S.Ct. 1492, 71 L.Ed.2d 693 (1982); *State v. Tison,* 129 Ariz. 546, 633 P.2d 355 (1981), *cert. denied,* 459 U.S. 882, 103 S.Ct. 180, 74 L.Ed.2d 147 (1982) (armed robbery, kidnapping and theft); *State v. Carriger,* 123 Ariz. 335, 599 P.2d 788 (1979), *cert. denied,* 444 U.S. 1049, 100 S.Ct. 741, 62 L.Ed.2d 736 (1980) (robbery and murder). Absent the *Zavala* decision and what I believe to be its erroneous interpretation below, there would be no question that this case could be submitted to the jury on the issue of driving under the influence. Reasonable jurors could infer from the circumstantial evidence that appellee drove the car up onto the curb prior to his discovery by the racquet club employee and that he was under the influence when he did so.

The *Zavala* public policy rationale is not advanced one iota by extending its reach to cases such as this where there is evidence from which a jury could conclude that an obviously impaired driver, rather than removing himself from a situation which would endanger the public, was making every effort to get his vehicle on the road. Indeed, Larriva would have succeeded but for apparently

causing a single-car accident. In my view, *Zavala* does not and was not intended to apply beyond its facts to cases such as this. Accordingly, appellee's prosecution may be properly grounded on driving while under the influence, regardless of whether he was in "actual physical control" of an immobilized vehicle.